**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert E. Lawrence,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-10-0173-PHX-PGR (MEA)<br><br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Aspey in light of the petitioner's Objection to Report and Recommendation (Doc. 18), the Court finds that the petitioner's objections should be overruled and that the Magistrate Judge correctly determined that both claims in the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be denied on their merits.[1]

First, the Court agrees with the Magistrate Judge that the petitioner's first claim, which is that his 39-year sentence amounts to cruel and unusual

---

[1] It is undisputed that the petitioner's federal habeas petition was timely filed and that he properly exhausted both of his federal claims prior to filing his petition.

punishment under the Eight Amendment, is meritless.  The petitioner, who was 29 years old at the time of his crimes, was convicted of three counts of sexual conduct with a developmentally slow fourteen year old girl and was sentenced to a mitigated term of 13 years of imprisonment for each count, with the three sentences to be served consecutively.[2]  In a decision issued on March 13, 2007, the Arizona Court of Appeals determined that the petitioner's three consecutive 13-year sentences did not violate the federal or state constitutional rights against cruel and unusual punishment.

Under the highly deferential standard of review imposed by the Antiterrorism and Effective Death Penalty Act, this Court may only grant the petitioner habeas relief if the decision of the Arizona Court of Appeals, the last reasoned decision by the Arizona courts regarding the Eighth Amendment issue, was (1) either contrary to or involved an unreasonable application of clearly established law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

In order for the Eighth Amendment's narrow proportionality principle to apply the sentence must be grossly disproportionate to the crime.  For that reason, proportionality challenges are applicable only in the "exceedingly rare and extreme case." Lockyer v. Andrade, 538 U.S. 63, 73,123 S.Ct.1166, 1173 (2003) (some internal quotation marks omitted).  It was clearly established at the

---

[2] Under the Arizona Criminal Code, a conviction for having sexual conduct with a minor who is fourteen years old constitutes a dangerous crime against a child and carries a mandatory minimum sentence of 13 years, with the presumptive sentence being 20 years, and the maximum sentence being 27 years.

time of the Arizona Court of Appeals decision in 2007 that courts applying the Eighth Amendment's gross proportionality principle had to objectively measure the severity of the defendant's sentence in light of the crimes he committed. Norris v. Morgan, 622 F.3d 1276, 1287 (9th Cir.2010). It was also then established that a sentence that was not so disproportionate as to be unconstitutional did not become "cruel and unusual" simply because the sentence was mandatory. *See* United States v, Lyons, 363 Fed.Appx. 485, *486 (9th Cir. 2010).

In its decision, the Arizona Court of Appeals properly compared the gravity of the petitioner's offenses against the sentences imposed on him and concluded that under the specific circumstances of the case that no inference of gross disproportionality was created. Regardless of whether this Court may think of the propriety of the petitioner's total sentence, the Court cannot conclude that it was objectively unreasonable for the Arizona Court of Appeals to conclude that the petitioner's sentences were not grossly disproportionate to his offenses and prior criminal history.

Second, the Court further agrees with the Magistrate Judge that the petitioner's second claim, which is an ineffective assistance of counsel claim, is also meritless. The gist of the claim is that the petitioner did not accept the state's plea offer because his trial counsel failed to adequately explain the terms and benefits of the offered plea agreement in "third grade terms" that he could understand. In the last reasoned state court decision on this issue, which was the state trial court's decision issued on February 12, 2008 denying the petitioner's Rule 32 petition for post-conviction relief, the state court found that the petitioner had failed to establish that his counsel's performance was

ineffective under the standard of Strickland v. Washington, 466 U.S. 668 (1984), because the record established that the petitioner's counsel adequately explained to the petitioner the consequences of accepting the plea agreement as compared with the risks of going to trial, as had the prosecutor and the settlement conference judge and the trial judge, and that the petitioner had indicated that he understood the risks and, against his counsel's advice, had decided to go to trial.

The Court concludes that the state trial court's rejection of the petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of clearly established federal law governing ineffective assistance of counsel claims. The Court further concludes that the state court's decision regarding the plaintiff's understanding of the applicable sentences, which this Court must presume to be correct, Rice v. Collins, 546 U.S. 333, 338-39, 126 S.Ct. 969, 974 (2006), was not an unreasonable determination of the facts in light of the evidence presented in the state court. The petitioner has not met his burden of rebutting the state court's factual findings by the required clear and convincing evidence, *id*; 28 U.S.C. § 2254(e)(1), because, first, the petitioner was intellectually capable of understanding the benefits of the plea offer because the psychological/neuropsychological evaluation of the petitioner submitted to the state court found that the petitioner's level of intellectual functioning was in the low/normal range, and second, even if the petitioner's counsel failed to properly explain the sentencing issues to him, the record establishes that the state court conducted three pre-trial settlement conferences with the petitioner to discuss two different plea offers and that in those conferences the sentencing issues were clearly explained to the petitioner by the judges involved and the prosecutor and the petitioner's sufficiently demonstrated at those conferences his comprehension

of the different potential sentences he might receive if he accepted the plea offer and if he was convicted at trial.

The Court further concludes that the petitioner is not entitled to the issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because the petitioner has not made a substantial showing of the denial of a constitutional right, and that the petitioner is not entitled to appeal *in forma pauperis.* pursuant to Fed.R.App.P. 24(a)(3)(A) because any such appeal would not be taken in good faith given the Court's stated reasons for the dismissal of his petition.

Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 17) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person is State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of apppealability shall issue and that the petitioner is not authorized to appeal *in forma pauperis.*

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 6th day of January, 2011.

Paul G. Rosenblatt
United States District Judge